UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANCES J. AMATO et al.,

            Plaintiffs,

            v.

ANTHONY MCGINTY et al.,

            Defendants.
_____

1:17-cv-1280
(GLS/TWD)

# SUMMARY ORDER

## I. Introduction

Plaintiffs are three mothers involved in Ulster County Family Court (hereinafter "the family court") proceedings—Frances Amato, Alana Orr, and Gina Funk (hereinafter "plaintiff mothers")—and Jillian Gordon, a social worker who provided services to children involved in the family court proceedings. (Compl. ¶¶ 3, 5, Dkt. No. 1.)[1] Plaintiff mothers argue that defendants—two of the family court judges,[2] two court-appointed attorneys

---

[1] Plaintiff mothers purport to bring this action in their own capacity and as next of friend for their minor children, C.B., O.O-K., C.J.K., and J.M.K. (Compl. ¶¶ 20, 22, 24.) However, plaintiff mothers may not bring suit on behalf of their minor children. *See Amato v. McGinty*, 1:17-CV-593, 2017 WL 4083575, at *4 (N.D.N.Y Sept. 15, 2017).

[2] Judges Anthony McGinty and Marianne Mizel.

for the children,[3] and the New York Department of Social Services of Ulster County/Child Protective Services of Ulster County[4]—"improperly and illegally denied or abridged the[ir] rights . . . to custody and/or visitation with their children[] in a manner that violated [their] [c]ivil [r]ights."  (*Id.* ¶¶ 2, 26-30.)  In addition, Gordon alleges that defendants Marian Cocose, Judge Anthony McGinty, and Judge Marianne Mizel transferred children in her care to other clinicians after she tried to report suspected abuse to the family court, which caused her "financial loss and harm to her professional reputation."  (*Id.* ¶¶ 93, 97, 99, 102-05.)  Plaintiffs seek damages as well as declaratory and injunctive relief based on the following claims: (1) a claim pursuant to 42 U.S.C. § 1983 based on a violation of the Due Process Clause of the Fourteenth Amendment, (*id.* ¶ 114); (2) a claim pursuant to 42 U.S.C. § 1983 based on a violation of the Equal Protection Clause of the Fourteenth Amendment, (*id.* ¶ 117); (3) a claim under Title II of the

---

[3] Attorneys Amy Ingram and Marian Cocose.

[4] The "New York Department of Social Services of Ulster County/Child Protective Services of Ulster County" is not a proper defendant.  Agencies of a municipality, (*i.e.*, departments of social services or child protective services), are not suable entities because "[u]nder New York law, departments that are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot be sued."  *Mulvihill v. New York*, 956 F. Supp. 2d 425, 427 (W.D.N.Y. 2013) (internal quotation marks and citations omitted) (collecting cases).

Americans with Disabilities Act (ADA),[5] (*id.* ¶¶ 133-39); and (4) a claim, seemingly pursuant to 42 U.S.C. § 1983, based on a violation of the Thirteenth Amendment, (*id.* ¶¶ 141-43).[6]

In four separate motions, defendants have moved to dismiss plaintiffs' complaint on various grounds. (Dkt. Nos. 16, 18, 32, 33.) Subsequently, Gordon filed a motion for sanctions against Cocose. (Dkt. No. 40.)

## II. Motions to Dismiss

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010). Additionally, because plaintiffs are *pro se*, the court construes their complaint liberally. *See Harris v. Mills*, 572 F.3d 66, 72 (2d. Cir. 2009).

The standard of review under Fed. R. Civ. P. 12(b)(1) is similar, except that the court "may refer to evidence outside the pleadings . . . [and]

---

[5] *See* 42 U.S.C. § 12132.

[6] Plaintiffs also seek attorneys fees pursuant to 42 U.S.C. § 1988 and the Equal Access to Justice Act. (Compl. at 29.) However, *pro se* plaintiffs are not entitled to such fees. *See SEC v. Price Waterhouse*, 41 F.3d 805, 808 (2d Cir. 1994).

[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal citations omitted).

A. **Claims Against Judges**

First, plaintiffs' Section 1983 claims against Judges McGinty and Mizel are barred by the Eleventh Amendment for the reasons stated in defendants' motion papers, (Dkt. No. 19 at 5-6), and in this court's prior decision in *Treistman v. McGinty*, 1:16-cv-1403, 2018 WL 4078262, at *1 (N.D.N.Y. Aug. 27, 2018).

However, the Eleventh Amendment does not bar plaintiffs' claims brought pursuant to Title II of the ADA. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) ("Title II validly abrogates state sovereign immunity."). Nonetheless, plaintiff mothers' ADA claims are foreclosed because Judges McGinty and Mizel are also entitled to absolute judicial immunity for the reasons stated in their papers. (Dkt. No. 19 at 6-8.) Amato alleges that Judge McGinty awarded sole legal and physical custody of her son to his father without an evidentiary hearing and without providing her notice of some of the proceedings. (Compl. ¶¶ 36, 38.) Orr alleges that Judge Mizel awarded sole custody to non-parents without holding an evidentiary

4

hearing and denied her right to counsel. (*Id.* ¶¶ 49, 55.) Funk alleges that she lost custodial rights to her children after Judge McGinty penalized her for exercising her Fifth Amendment rights and held court proceedings in her absence. (*Id.* ¶¶ 78-79, 86.) Gordon's allegations also center on Judge McGinty's and Judge Mizel's conduct regarding children in family court proceedings. (*Id.* ¶¶ 93, 95, 99, 102-04.) In sum, the acts described in the complaint arise out of family court proceedings before Judges McGinty and Mizel, the functions complained of were ones normally performed by judges, and plaintiffs were parties who dealt with the judges in their judicial capacities. *See Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016). This judicial immunity also extends to plaintiffs' ADA claims. *See Brooks v. Onondaga Cty. Dep't of Children & Family Servs.*, 5:17-CV-1186, 2018 WL 2108282, at *4 (N.D.N.Y. Apr. 9, 2018) (collecting cases).

As such, plaintiffs' claims against Judges McGinty and Mizel are dismissed to the extent that they seek monetary damages.

**B.     Claims Against Attorneys**

Next, plaintiffs' Section 1983 claims against defendants Amy Ingram and Cocose are dismissed because court-appointed attorneys for the child are not state actors, and plaintiffs fail to allege sufficient facts to establish

5

collaboration between these defendants and state actors.  *See Amato v. McGinty*, 1:17-CV-593, 2017 WL 4083575, at *4 (N.D.N.Y Sept. 15, 2017); *Yapi v. Kondratyeva*, 340 F. App'x 683, 684 (2d Cir. 2009).  Conclusory allegations, such as that Ingram and Cocose colluded, cooperated, acted in concert with, or supported state actors, (Compl. ¶¶ 1-2, 36, 39, 64-65, 74, 81), are insufficient to state Section 1983 claims.  *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal quotation marks and citation omitted).  Moreover, even if plaintiffs' claims against Ingram and Cocose were otherwise valid, they are barred by the doctrine of quasi-judicial immunity because they involve conduct within the scope of representation of children in family court.  *See Amato*, 2017 WL 4083575 at *3; *Yapi*, 340 F. App'x at 685.  "Judicial and quasi-judicial immunity are both absolute immunities." *Gross v. Rell*, 585 F.3d 72, 81 (2d Cir. 2009) (internal citations omitted).  Contrary to plaintiffs' assertion that "this doctrine is inapplicable to the facts at bar . . . [because] [t]he instant suit alleges deliberate violations of

6

[p]laintiffs' civil rights," (Dkt. No. 31 at 10), even allegations of malice cannot overcome this absolute immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

As such, plaintiffs' claims against Ingram and Cocose are dismissed to the extent that they seek monetary damages.

## C. <u>Relief Sought</u>

Plaintiffs argue that their claims must survive because they seek prospective relief in addition to monetary damages. (Dkt. No. 31 at 5-7; Dkt. No. 39 at 11.) Indeed, "[i]f a complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective, then . . . injunctive or declaratory relief is not barred by immunity." *Li v. Lorenzo*, 712 F. App'x 21, 23 (2d Cir. 2017) (internal quotation marks and citations omitted). However, plaintiffs are not entitled to injunctive relief under Section 1983 because they do not allege that "a declaratory decree was violated or declaratory relief was unavailable." *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). Furthermore, plaintiffs' request for a declaration that, "[d]efendants' actions were illegal and violative of [p]laintiffs' right to due process of the law and . . . to equal protection of the law[]," (Compl. at 30), is not properly characterized as prospective relief.

7

Instead, they are foreclosed from such relief because they "allege[] only past conduct and do[] not seek to prevent an ongoing or future violation of federal law." *Shtrauch*, 651 F. App'x at 74.

**D.     ADA Claims**

None of the analysis heretofore precludes plaintiff mothers' request for an injunction "barring [d]efendants from continuing their illegal acts," (Compl. at 30), as related to their ADA claims. *See Harris*, 572 F.3d at 72 (finding that plaintiffs may seek prospective injunctive relief under Title II of the ADA against individual defendants in their official capacities). The crux of plaintiff mothers' ADA claims rests on allegations that plaintiff mothers suffer from Post-Traumatic Stress Disorder, which was exacerbated by the family court proceedings, (Compl. ¶¶ 36, 51, 73), and "[d]efendants refused to provide . . . accommodations necessary to ensure that [p]laintiff [m]others had full and equal opportunity to court proceedings," (*id.* ¶ 134).

However, there are no facts within the complaint to suggest that Ingram and Cocose excluded plaintiff mothers' participation in "services, programs, or activities of a public entity," and these two defendants are clearly not public entities under the meaning of the statute. *See* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such

8

disability, be excluded from participation in . . . the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"); 42 U.S.C. § 12131(1) ("The term 'public entity' means . . . any State or local government" or "any department, agency, special purpose district, or other instrumentality" thereof). Put simply, Ingram and Cocose are private individuals not subject to the ADA. *See Schisler v. Rizio*, No. 6:14–CV–0793, 2014 WL 5293670, at *3 (N.D.N.Y. Oct. 15, 2014).

The ADA claims against Judges McGinty and Mizel are subject to dismissal for different reasons. In order to establish a violation under Title II of the ADA, plaintiffs must allege that: "(1) they are 'qualified individuals' with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003). Here, even assuming that Judges McGinty and Mizel are subject to the ADA, there are no allegations regarding how plaintiff mothers' mental impairments substantially limited any of their major life activities so as to make them qualifying individuals under the ADA. *See Heilweil v. Mount Sinai Hosp.*,

9

32 F.3d 718, 722 (2d Cir. 1994).  Moreover, even read liberally, the complaint fails to identify how plaintiff mothers' disabilities denied them participation in court proceedings or how their disabilities could be accommodated to allow such participation.  *See Harris*, 572 F.3d at 74.

Accordingly, all of plaintiffs' claims are also dismissed to the extent they seek injunctive relief.[7]

## E.     Leave to Amend

Ordinarily, a court should not dismiss a suit filed by *pro se* plaintiffs without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (internal citations omitted).  However, an opportunity to amend is not required where "[t]he problem with [the plaintiffs'] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Here, better pleading could not cure the court's lack of subject matter jurisdiction based on the immunities described above, which apply

---

[7] Although it is premised on a violation of the Thirteenth Amendment that seemingly constitutes a separate Section 1983 claim, plaintiffs also seek a writ of habeas corpus.  (Compl. ¶¶ 8, 141-43.)  Assuming such request survives the above analysis, plaintiffs may not invoke the procedural safeguards of 28 U.S.C. § 2241 because they are not in custody.  *See Moore-Beidl v. Beaudoin*, 553 F. Supp. 404, 406 (N.D.N.Y. 1981) (dismissing habeas petition where a mother alleged "no restraints upon her person other than the fact that she is forc[ibly] being prevented from being together with her youngest son.").

to all claims except for plaintiff mothers' ADA claims seeking prospective injunctive relief. Accordingly, these claims are dismissed with prejudice.

As for the remaining ADA claims, the court notes that defendants did not raise an argument attacking them on the merits. However, a district court may dismiss a claim *sua sponte* if the court believes it to be frivolous. *See Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As discussed above, the ADA claims against Ingram and Cocose lack an arguable basis in law, while the ADA claims against Judges McGinty and Mizel lack an arguable basis in fact. Better pleading could not cure the substantive defects regarding Ingram and Cocose. Therefore, these claims are dismissed with prejudice. However, better pleading—addressing the deficiencies outlined above—could save plaintiff mothers' ADA claims against Judges McGinty and Mizel. As such, these claims are dismissed without prejudice. Plaintiff mothers may file an amended complaint regarding their ADA claims against Judges McGinty and Mizel within thirty (30) days of this Summary Order. Upon such filing, defendants may file a renewed motion to dismiss within the time allotted by

11

the rules.

### III. Motion for Sanctions

Gordon requests sanctions against defendant Cocose based on Cocose's argument that Gordon lacks standing. (Dkt. No. 40, Attach. 1.) Gordon argues that Cocose's argument was frivolous "given the perfectly clear allegations contained in the [c]omplaint." (*Id.* at 5.) However, plaintiffs' *pro se* complaint—especially the portion involving Gordon—is far from "perfectly clear." (*See* Compl. ¶¶ 92-105.) Gordon fails to convince the court that Cocose's arguments warrant sanctions. As such, Gordon's motion is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motions (Dkt. Nos. 16, 18, 32, 33) are **GRANTED** and the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that all claims are **DISMISSED WITH PREJUDICE** except plaintiff mothers' ADA claims against Judges McGinty and Mizel, which are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Gordon's motion for sanctions (Dkt. No. 40) is **DENIED**; and it is further

**ORDERED** that the Clerk terminate Gordon as a party to this action;

and it is further

**ORDERED** that the Clerk amend the caption to remove all references to the minor children, C.B., O.O-K., C.J.K., and J.M.K.; and it is further

**ORDERED** that, if plaintiffs fail to file an amended complaint as set forth above within thirty (30) days, this action be dismissed without further Order of this court; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

October 23, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge