UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALANA ORR,

                         Plaintiff,

        v.                                                        1:17-CV-01280 (GLS/TWD)

ANTHONY McGINTY and MARIANNE MIZEL,

                         Defendants.
_____

APPEARANCES:

ALANA ORR
Plaintiff, pro se
PO Box 820
Marlboro, NY 12542

HON. LETITIA JAMES                            COLLEEN D. GALLIGAN, ESQ.
New York State Attorney General             Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Alana Orr ("plaintiff" or "Orr") commenced this action by filing a pro se complaint pursuant to 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 2201 *et seq.* against multiple defendants including defendants Anthony McGinty ("McGinty") and Marianne Mizel ("Mizel"). (Dkt. No. 1.) The original complaint sought primarily to invalidate family court and custody determinations issued by McGinty and Mizel who are New York State Family Court judges. *See id.* Thereafter, motions to dismiss were filed by various defendants including

McGinty and Mizel.  (Dkt. Nos. 16, 18, 32, 33.)  On October 23, 2018, Senior District Judge Gary Sharpe issued a Summary Order dismissing all claims in the Complaint with prejudice except plaintiff's claim and the claims of then party plaintiffs Frances Amato ("Amato") and Gina Funk ("Funk") pursuant to Title II of the Americans with Disabilities Act ("ADA") against McGinty and Mizel which were dismissed without prejudice and with leave to replead.  (Dkt. No. 47.)

Plaintiffs Orr, Amato, and Funk filed an amended complaint (Dkt. No. 50) reasserting the ADA claims.  Upon a further motion to dismiss (Dkt. No. 56), Senior District Judge Sharpe issued a Summary Order dismissing all claims except plaintiff Orr's failure to accommodate claims pursuant to Title II of the ADA seeking prospective injunctive relief against defendants McGinty and Mizel in their official capacities.  (Dkt. No. 73.)  All other claims were dismissed including the claims of Amato and Funk who were terminated as party plaintiffs.  *Id.*

Defendants McGinty and Mizel filed an answer (Dkt. No. 74) to the amended complaint, after which the Court held a conference to set a discovery schedule.  (Text Minute Entry 9/26/2019.)  At that conference, the parties agreed to a referral of the case to the Northern District of New York's Assistend Mediation Program.  *Id.*  However, the next day plaintiff Orr filed a motion for a preliminary injunction and a temporary restraining order ("TRO").  (Dkt. No. 79.)  Shortly thereafter, Judge Sharpe denied the request for the TRO finding that Orr had failed to show how the harm alleged by her was immediate or irreparable.  (Dkt. No. 80.)  Ultimately, the Court also denied the motion for a preliminary injunction.  (Dkt. No. 84.)  Plaintiff moved for reconsideration of the denial for a preliminary injunction (Dkt. No. 85), which was also denied by Judge Sharpe.  (Text Order 8/14/2020.)

In the meantime, the referral to assisted mediation and the in person mediation were cancelled due to the COVID-19 health pandemic.  (Dkt. No. 90; Text Notice 3/16/2020.)  On April 23, 2020, the Court held a telephone conference with plaintiff Orr and defendants' counsel to discuss remaining discovery.  (Text Minute Entry 4/23/2020.)  At that conference, plaintiff requested permission to move to further amend the complaint, which the Court granted.  *Id.*  After a request from plaintiff and previously dismissed plaintiff Funk seeking, among other things, to reassert Funk's claims that were previously dismissed with prejudice, (Dkt. No. 92), the Court denied that request and also notified plaintiff Orr that "any proposed motion to amend the amended complaint and any proposed second amended complaint shall not attempt to resurrect claims against Defendants McGinty and Mizel that have previously been dismissed with prejudice . . . ."  (Dkt. No. 93.)

Plaintiff then filed the motion presently before the Court ostensibly to amend the amended complaint.  (Dkt. No. 95.)  However, in addition to seeking to file a second amended complaint, plaintiff's motion, (Dkt. No. 95), in violation of the Court's very specific Order (Dkt. No. 93) not to attempt to resurrect previously dismissed claims, seeks (1) reconsideration of claims dismissed by Summary Order (Dkt. No. 47) in October of 2018; (2) a TRO and a preliminary injunction that were previously denied (Dkt. Nos. 80, 84; Text Order 8/14/2021); and (3) leave to file additional claims and join additional parties.  (Dkt. No. 95.)  Defendants oppose the motion.  (Dkt. No. 96.)  For the reasons that follow, plaintiff's motion is denied in all respects.

## II.   MOTION FOR RECONSIDERATION

### A.   Governing Legal Standard

Reconsideration is warranted where the moving party can show the court "overlooked"

3

facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Human Electronics, Inc. v. Emerson Radio Corp.,* 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004 (quoting *Schrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995)).  In the Northern District of New York, a court may grant a motion for reconsideration where there has been a change in controlling law, new evidence not previously available comes to light, or in order "to correct a clear error of law or prevent manifest injustice."  *Id.*  (citing *United States v. Gagnon*, 250 F. Supp. 2d 15, 18 (N.D.N.Y. 2003)).

  **B.**  **Analysis**

It should be noted again here that plaintiff was only given permission by the Court to move to amend her amended complaint with the direction that she would not be permitted to reassert previously dismissed claims.  (Text Minute Entry 4/23/2020; Dkt. No. 93.)  In inserting her motion for reconsideration, plaintiff has violated the Court's specific direction that she not attempt to resurrect previously dismissed claims.  (Dkt. No. 93.)

Additionally, plaintiff has not cited in her motion any intervening change in law that might warrant reconsideration of the Court's prior Orders.  She does not offer any new evidence not previously available in support of reconsideration.  She does not point to the need to correct a clear error of law which would need to be addressed through such reconsideration.  In short, there is absolutely no showing by plaintiff that reconsideration is warranted.  The subject claims in the original complaint and amended complaint were properly dismissed and therefore plaintiff's motion for reconsideration is denied.

**III.**  **MOTION TO AMEND**

  **A.**  **Governing Legal Standard**

The filing of amended and supplemental pleadings is governed by Rule 15 of the

Federal Rules of Civil Procedure. Fed. R. Civ. P. 15. Rule 15(a) states that leave to amend shall be freely given "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).[1] The Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman*, 371 U.S. at 182.[2] An amended complaint has been described as a "perfection of an original pleading rather than the establishment of a new cause of action." *Klos v. Haskell*, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993) (internal quotation marks and citation omitted), *aff'd*, 48 F.3d 81 (2d Cir. 1995). The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion. *See Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

Once a pretrial scheduling order has been issued, the right to amend a complaint is also subject to Rule 16 of the Federal Rules of Civil Procedure. Under Rule 16(b)(4), the deadlines set forth in the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-41 (2d Cir. 2000) (Parties must show good cause to amend a pleading after

---

[1] The standard for a motion to supplement under Fed. R. Civ. P. 15(d) is the same as for a motion to amend the pleadings under Fed. R. Civ. P. 15(a). *See, e.g., Klos v. Haskell*, 835 F. Supp. 710, 715 (W.D.N.Y. 1993) (Fisher, M.J.), *adopted by* 835 F. Supp. at 713 (W.D.N.Y. 1993) (Telesca, D.J.).

[2] An amendment of a pleading is considered a "futile" act when the proposed claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

5

the court's deadline has passed).

"In a case where a party seeks to amend its pleading after the deadline for motions to amend has passed, the court should first consider whether the movant is able to show that Rule 16's good cause standard has been met, and '[o]nly if [the movant] is able to do so, would the Court need to consider whether the proposed amendment would be futile, unduly prejudicial, or otherwise improper based on the Rule 15(a) standards that otherwise govern motions to amend.'" *Sec. & Exch. Comm'n v. Rio Tinto plc*, No. 17-CV-7994, 2020 WL 2504008, at *7 (S.D.N.Y. Mar. 9, 2020) (quoting *Fuller v. Interview, Inc.*, No. 07-CV-5728, 2011 WL 724533, at *3 (S.D.N.Y. Feb. 25, 2011) (citing, *inter alia*, *Parker*, 204 F.3d at 340)). Whether "good cause" exists turns primarily on the "diligence" of the moving party in seeking to meet the deadline in the scheduling order. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (citing *Parker*, 204 F.3d at 339-40).[3] The court also may consider whether the amendment will prejudice the non-moving party. *Id*. However, as several district courts have noted, the absence of prejudice to the non-moving party is not alone sufficient to satisfy the good cause requirement of Rule 16(b)(4). *See, e.g.*, *Ratcliffe v. Pradera Realty Co.*, No. 05-CV-10272, 2007 WL 3084977, at *1 (S.D.N.Y. Oct. 19, 2007); *Bader v. Special Metals Corp.*, 985 F. Supp. 2d 291, 303 (N.D.N.Y. 2013); *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 790 (S.D.N.Y. 2017).

### B.     Summary of the Proposed Second Amended Complaint

Plaintiff's proposed second amended complaint contains allegations that are, generally speaking, materially similar to the allegations in the original dismissed complaint

---

[3] A plaintiff's "pro se status does not relieve him of compliance with Rule 16(b)'s diligence requirement." *Valentin v. City of Rochester*, No. 11-CV-6238, 2016 WL 5661729, at *7 (W.D.N.Y. Sept. 30, 2016) (collecting cases).

(Dkt. No. 1) and the amended complaint (Dkt. No. 50).  (*Compare* Dkt. Nos. 1, 50 *with* Dkt. No. 95-1.)  Notably, the proposed second amended complaint (Dkt. No. 95-1) does not comply with the requirements of Local Rule 15.1 (formerly Local Rule 7.1(a)(4)) because it does not specifically set forth proposed insertions and deletions of language and identify amendments in the proposed pleading.  Instead, the proposed second amended complaint again details the family court proceedings before the defendants and then lists claims for injunctive and declaratory relief, monetary damages, ADA claims, and unlawful seizure.  (Dkt. No. 95-1 at ¶¶ 247-278.[4])  Plaintiff does not make any connection between factual allegations and the claims alleged.  She essentially repeats the allegations that the defendant judges are liable to her for the determinations they issued in family court proceedings.  (*See generally* Dkt. No. 95-1.)  Plaintiff also again attempts to assert claims against defendants in their individual capacities for violation of various constitutional amendments pursuant to 42 U.S.C § 1983,  (Dkt. No. 95-1 ¶¶ 25-35), and seeks money damages for those claims.  (Dkt. No. 95-1 ¶¶ 249-254.)  She reasserts her ADA claim for reasonable accommodation and related monetary damages.  (Dkt. No. 95-1 at ¶¶ 255-264.)  Although difficult to discern and in an "everything but the kitchen sink" manner, plaintiff may also be seeking to assert in her proposed second amended complaint claims of conspiracy, violation of the Violence Against Women Act, intentional infliction of emotional distress, kidnapping, trespass to chattels, conversion, fraud, breach of duty of care, aggravated sexual abuse, child trafficking, and finally that the defendant family court judges acted in the

---

[4] References to paragraph numbers are used where documents identified by the docket number of the CM/ECF docketing system maintained by the Clerk's Office contain consecutively numbered paragraphs.  Page referenced to documents identified by docket number are to the page numbers assigned by the CM/ECF docketing system.

absence of jurisdiction.  (*See generally* Dkt. No. 95-1.)

    **C.**    **Analysis**

Defendants note that plaintiff's motion to amend should be denied on timeliness grounds because it was untimely filed.  (Dkt. No. 96 at 3.)  Defendants are correct that the motion was not filed in a timely manner.  Further, plaintiff provides no good cause reason for missing the Court's extended deadline.  The Court permitted the motion to be filed by May 8, 2020, (Text Minute Entry 4/23/2020), and then provided a final extension to plaintiff at her request to June 19, 2020.  (Dkt. Nos. 92, 93.)  However, the motion was filed on June 22, 2020, without any explanation by plaintiff or showing of good cause for her tardiness in filing it.  (Dkt. No. 95.)  Notably, plaintiff apparently mailed her motion to the Court on June 19, 2020, but it is clear from the mailing envelope that it was not expected to arrive at the Court until June 22, 2020.  (Dkt. No. 95-1 at 79.)  In fact, before plaintiff's motion was filed, the Court  issued a Text Order noting plaintiff's failure to file the motion by June 19, 2020, and directed that the amended complaint (Dkt. No. 73) was considered by the Court to be the operative pleading.  (Dkt. No. 94.)  The Court also set remaining pretrial deadlines.  *Id.*  Thus, the motion is denied since plaintiff filed it after the Court's explicit deadline, and she provides no explanation for failing to follow the Court ordered deadline.

Nevertheless, in view of plaintiff's pro se status, the Court will also review the motion under the relevant standards to amend pleadings.  Even assuming the motion was timely filed, however, the Court denies the motion for the following reasons.

Most of the claims asserted in the proposed second amended complaint (Dkt. No. 95-1) are a reassertion of the claims in the original complaint (Dkt. No. 1) and the amended complaint (Dkt. No. 50) that have already been dismissed.  (Dkt. Nos. 47, 73.)  The proposed

8

second amended complaint attempts to restate the claims against the defendants based upon their actions and decisions as family court judges. (*See generally* Dkt. No. 97-1.) The Court has already determined that the defendant judges cannot be held liable to plaintiff based upon their handling of the underlying family court matters and decisions issued therein as the doctrine of judicial immunity shields judges for such actions. (Dkt. No. 47 at 5.) Plaintiff asserts that these constitutional claims were dismissed under the Eleventh Amendment because they were asserted against defendants in their official capacities only. (Dkt. No. 95 at ¶ 5.) While claims against defendants in their official capacities pursuant to 42 U.S.C. §1982 were properly dismissed pursuant to the Eleventh Amendment's sovereign immunity standard (Dkt. No. 47 at 4), claims against the defendant judges in their individual capacity were properly dismissed pursuant to the doctrine of judicial immunity. (Dkt. No 47 at 5.) Thus, this Court has already determined that plaintiff may not maintain claims against the defendant family court judges in their individual capacities pursuant to 42 U.S.C. §1983 because they are entitled to judicial immunity. *Id.* Furthermore, newly proposed claims, if any, in the proposed second amended complaint against the defendant judges in their individual capacity for their judicial orders, actions, and decisions issued in the underlying family court proceedings are for actions of the defendants performing their judicial functions and therefore are likewise barred by the doctrine of judicial immunity. *See Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016). As such, the claims are futile.

Additionally, the Court warned plaintiff not to attempt to reassert claims in the proposed second amended complaint that were already dismissed. (Dkt. No. 93.) Plaintiff failed to heed that warning.

Any new claims are also futile since plaintiff's proposed amended complaint contains

9

a series of allegations concerning violations of numerous constitutional amendments, civil and criminal statutes, and common law principals without attempting to show how defendants purportedly violated these laws. A court measures futility under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lucente*, 310 F.3d at 258 (citation omitted). A defendant may move to dismiss a complaint under that rule on the ground that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to state a claim upon which relief can be granted, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The requirement that a plaintiff show an entitlement to relief means that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Id.* at 679. In other words, the Court must determine whether the complaint itself is legally sufficient. *Id.* Here, plaintiff's assertions that defendants violated various statutes and laws without attempting to show how defendants violated these laws are speculative and conclusory and therefore fail to state claims to relief which are plausible on their face. *Id.* at 678. Accordingly, since the allegations fail to state a claim for relief, the amendments are rendered futile.

For these reasons, that part of plaintiff's motion (Dkt. No. 95) seeking to amend the complaint is denied.

## IV.     MOTION FOR TRO AND PRELIMINARY INJUNCTION

Plaintiff's motion (Dkt. No. 95) also attempts to resurrect her previous motions (Dkt.

Nos. 79, 85) for a TRO and preliminary injunction to enjoin enforcement of the underlying family court orders and decisions of the defendant judges and prevent defendants from presiding over plaintiff's family court matters. (Dkt. No. 95 at 17-19, 26-27.) The Court has already ruled on plaintiff's previous nearly identical motions (Dkt. Nos. 79, 85), and denied both motions. (Dkt. No. 84; Text Order 8/14/2020.) For the reasons stated by the Court in the previous rulings regarding plaintiff's motions for a TRO and preliminary injunction, (*id*.), and for the reasons recited within defendant's memorandum of law (Dkt. No. 96 at 11-18) which the Court fully adopts, that part of plaintiff's motion seeking a preliminary injunction and TRO is denied in its entirety.

## V.     LEAVE TO FILE AND JOIN ADDITIONAL CLAIMS IN THE FUTURE

Plaintiff's motion (Dkt. No. 95) requesting that she be permitted to assert additional unspecified claims and add parties in the future is likewise denied. Plaintiff requests "leave of court to file and join additional claims at a future date that have not previously been brought before the court, so that the statute of limitations does not bar such claims from being brought forward." (Dkt. No. 95 at ¶ 86.) Specifically, Plaintiff seeks "leave to file a new complaint against the defendant judges pursuant to the Violence Against Women Act. [She] seek[s] to sue the NY County of Ulster as a proper defendant for the civil rights and other claims. [She] seek[s] to sue the state of NY for discrimination under federal statutes that abrogate sovereign immunity, for recipients of federal funds, for public accommodations and services." *Id.*

First, as noted above, plaintiff's motion to amend was untimely filed. Second, plaintiff's request for permission to add unspecified claims and parties at some unknown time in the future is speculative and conclusory at best, and improper at worst. Accordingly, that

11

part of plaintiff's motion (Dkt. No. 95) seeking leave to file and join additional claims in the future is denied.

For the reasons stated above, and in prior decisions of this Court (Dkt. Nos. 47, 73, 84, 93, and Text Order 8/14/2020), plaintiff's motion (Dkt. No. 95) for various relief is denied in its entirety.

Additionally, a review of the docket shows that plaintiff's mail recently sent from the Court has been returned. (Dkt. Nos. 98, 101.) In accordance with Local Rules, Plaintiff must notify the Court of a proper mailing address. (*See* Dkt. No. 2.)

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 95) is **DENIED**; and it is further

**ORDERED** that the amended complaint (Dkt. No. 50) is the operative pleading regarding plaintiff's only remaining claim for relief under Title II of the ADA (*see* Dkt. No. 73); and it is further

**ORDERED** that pretrial deadlines are reset as follows: all discovery due 6/30/2021; discovery motions due 7/7/2021; dispositive motions due 7/30/2021; and it is further

**ORDERED** that plaintiff immediately notify the Court of her current mailing address and contact information since failure to do so may result in dismissal of this action for failure to follow Court orders and directives, and failure to prosecute; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  March 1, 2021
        Syracuse, NY

Therese Wiley Dancks
United States Magistrate Judge

12