UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALANA ORR,

                              Plaintiff,

v.                                                            1:17-CV-1280
                                                                (GLS/TWD)
ANTHONY McGINTY,

                              Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

JOSHUA A. DOUGLASS, ESQ.
Attorney for Plaintiff
122 US-44
PO Box 481
Millerton, NY 12546

HON. LETITIA JAMES                                KASEY K. HILDENON, ESQ.
Attorney General of the State of New York        Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER

       Presently before the Court in this action is a directive wherein Plaintiff was Ordered to Show Cause (Dkt. No. 146) why a sanction should not be imposed for violating this Court's protective orders. (Dkt. Nos. 120, 142.) To that end, the Court has reviewed Plaintiff's submission (Dkt. No. 149) and Defendant's submissions. (Dkt. Nos. 145, 153.)

       A court has the inherent power to sanction an attorney who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (citation omitted); *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013). To impose

sanctions, a trial court must find "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

Regarding the first prong, "[c]onduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Id.* The second prong requires the district court to make a "clear showing of bad faith" with a high degree of factual specificity in most cases. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *United States v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir. 2000). Under this prong, sanctions are appropriate only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri*, 803 F.2d at 1273. Moreover, "when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power." *Seltzer*, 227 F.3d at 42; *see also, e.g.*, *Williams v. Lutheran Med. Ctr.*, 776 F. App'x 730, 731 (2d Cir. 2019) (holding that no showing of bad faith was required before finding an attorney in contempt where the conduct at issue was not inherent to client representation).

Under this exception, a court has the inherent power "to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith." *Seltzer*, 227 F.3d at 42. Additionally, Federal Rule of Civil Procedure 37 provides that "If a party . . . fails to obey an order under Rule

26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed.R.Civ.P. 37(b)(2)(A). Discovery orders such as a protective order can be enforced through Rule 37(b). *See Schiller v. City of New York*, No. 04 Civ. 7921, 2007 WL 1623108, at *3 (S.D.N.Y. June 5, 2007) ("Discovery orders that can be enforced through Rule 37(b) include protective orders issued under Federal Rule of Civil Procedure 26(c).").

Here, the Court's protective orders directed that the parties were not to discuss any testimony or disseminate the video or transcript of the testimony of the defendant beyond the existing parties to the action. (Dkt. Nos. 120, 142.) Defendant brought to the Court's attention a video posted on social media wherein Plaintiff's counsel spoke about the contents of the subject deposition at a fund raiser for an organization that purports to, among other things, expose corrupt family court judges. (Dkt. Nos. 145, 153 at 1.) This disclosure was not inadvertent, but rather purposeful. Further, Plaintiff's counsel admits "that I did violate a Court Order. I hereby apologize for that. I allowed my passions to get in the way." (Dkt. No. 149 at 2.) Counsel makes no effort to show how the disclosure had factual or legal support, or that the comments were made for his client's benefit, not for his benefit. Further, by his own admission, Plaintiff's counsel shows it was motivated by improper purposes, those being his "passions."

Accordingly, the Court finds a sanction of five hundred dollars and 00/1.00 ($500.00) is appropriate to deter the potential for future similar conduct.

After due deliberation, it is hereby,

**ORDERED** that Plaintiff's counsel is directed to pay into the general fund of the Northern District of New York, a sum of five hundred dollars and 00/1.00 ($500.00) payable to the Clerk of

the Court as a sanction for violating the Court's protective orders (Dkt. Nos. 120, 142); and it is further

**ORDERED** that Plaintiff's counsel shall make such payment within ten (10) days of the date of this Order, and include a copy of this Order with such payment.

SO ORDERED.

Dated: July 5, 2022
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge