**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALANA ORR,**

                                        **1:17-cv-1280**
                        **Plaintiff,**        **(GLS/TWD)**

                **v.**

**ANTHONY McGINTY,**

                        **Defendant.**
_____

## <u>SUMMARY ORDER</u>

Pending before the court is defendant Anthony McGinty's motion for summary judgment of plaintiff Alan Orr's remaining claim under Title II of the Americans with Disabilities Act (ADA).[1]  (Dkt. No. 150.)  For the reasons discussed below, the motion is granted.

The facts and history of this case are well documented throughout the many decisions of this court and will not be repeated here.  At this juncture, it suffices to say that Orr's remaining claim under the ADA is premised upon the notion that McGinty, in his official capacity as a Family Court Judge, failed to accommodate her post-traumatic stress disorder (PTSD) by denying her access to certain audio transcripts in connection

_____

        [1]  *See* 42 U.S.C. §§ 12111-213.

with a Family Court proceeding.  (Am. Compl. ¶¶ 37, 55-61, Dkt. No. 50;

Dkt. No. 73 at 6-7.)  The only potentially available relief on the claim is

injunctive in nature.  (Dkt. No. 73 at 13.)

      Among other arguments, some of which appear to have facial merit,

McGinty argues that Orr has not established a prima facie case under Title

II of the ADA because she has failed to demonstrate "how her requested

accommodation is necessary for her meaningful participation in court

proceedings."  (Dkt. No. 150, Attach. 9 at 15-18.)  More specifically,

McGinty explains that Orr has failed to show how his supposed refusal to

grant her access to audio recordings, instead of written transcripts,

deprived her of meaningful access to the Family Court proceeding.  (*Id.*)  In

response[2] Orr asserts that McGinty's denial of accommodations "led her to

being traumatized in [the] court room before she was [o]rdered to stay

away from her own daughter for a year based on one comment in [the]

---

[2]  It is also noted that Orr's response is defective for several reasons.  First, it does not include the papers required by the Local Rules of Practice.  *See* N.D.N.Y. L.R. 7.1(b).  The memorandum of law, which is single-spaced, (Dkt. No. 154), is not in compliance with Local Rule 10.1(a)(3).  The response to McGinty's statement of material facts is also deficient inasmuch as it fails, in several instances, to "set forth a specific citation to the record where the factual issue arises."  N.D.N.Y. L.R. 56.1(b); (Dkt. No. 154, Attach. 2.)  For all of these reasons, the court would be justified in striking the response.  In an abundance of caution, the court has considered it in any event.  However, the court's consideration of the response papers cannot cure the substantive defects with the arguments and lack of record evidence.

court room" and rendered her incapable "of taking the stand in her last Fact

Finding hearing."  (Dkt. No. 154 at 3.)  The court agrees with McGinty.

As the court previously explained in the context of its adjudication of

a previously decided motion to dismiss:

> Although it is clear that Title II protects a qualified
> individual's "fundamental right of access to the
> courts," *Tennessee v. Lane*, 541 U.S. 509, 533-34
> (2004), it is less clear that Orr has plausibly alleged
> that defendants infringed her right of access to Family
> Court.  In sum, it appears that Orr labels all
> unfavorable decisions in the underlying child custody
> proceedings as failures to reasonably accommodate
> her PTSD. (Am. Compl. ¶¶ 21-38.)  She even goes
> so far as to argue that "[d]efendants could have
> accommodated [her] . . . disabilities by returning
> custody to [her]." (Dkt. No. 67 at 19.)  Based on this
> logic, it appears that "what [plaintiff] ultimately seeks
> to challenge is not illegal discrimination against the
> disabled, but the substance of services provided to
> h[er]."  *Doe v. Pfrommer*, 148 F.3d 73, 84 (2d Cir.
> 1998); *see Felix v. N.Y.C. Transit Auth.*, 324 F.3d
> 102, 107 (2d Cir. 2003) ("The ADA mandates
> reasonable accommodation of people with disabilities
> in order to put them on an even playing field with the
> non-disabled; it does not authorize a preference for
> disabled people generally.") (internal citation omitted);
> *Woods v. City of Utica*, 902 F. Supp. 2d 273, 280
> (N.D.N.Y. 2012) ("A reasonable accommodation is
> one that gives the disabled person 'meaningful
> access' to the services sought.") (internal citation
> omitted). In the courtroom context, "meaningful
> access" has been held to be consistent with the due
> process principle that, within the limits of

> practicability, all individuals must be afforded a meaningful opportunity to be heard. *See Lane*, 541 U.S. at 532-33; *cf. Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999) ("As a general rule . . . before parents may be deprived of the care, custody or management of their children without their consent, due process—ordinarily a court proceeding resulting in an order permitting removal—must be accorded to them.") (internal citations omitted).

(Dkt. No. 73 at 10-11.)  Given the standard of review for a summary judgment motion, *see Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012), the focus shifts away from Orr's allegations and turns to the proof she has adduced through discovery and now advances in connection with the pending summary judgment motion.

Here, as McGinty argues, Orr has not shown how being denied audio recordings (as opposed to written transcripts) impinged on her meaningful access to the proceeding in question.  Orr's generalized rhetoric, suggesting that she was intimidated from participating in the Family Court proceeding, does not demonstrate a triable issue with respect to the audio recordings.  And she has not even attempted to demonstrate how the audio recordings, as opposed to transcripts, were necessary to her meaningful participation in the custody proceeding.  Accordingly, because

4

McGinty met his burden and Orr has failed to demonstrate a triable issue of fact, summary judgment must be granted.

Accordingly, it is hereby

**ORDERED** that McGinty's motion for summary judgment (Dkt. No. 150) is **GRANTED**; and it is further

**ORDERED** that Orr's amended complaint (Dkt. No. 50) is **DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk enter judgment and close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 17, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge

5